Mark WEISS, Lliana Llieva, Leisinger Pension Fund, Marilyn D. Egel, Joseph Wilenkin, Plaintiffs–Appellants,

Randall Twardy, Amerindo Investment Advisors, Inc., Johnny Kwan, Howard Gunty Profit Sharing Plan, Monice R. Mazzo, Thomas Atkin, Scott Lyon, Hyancinth S. Anish, Jerry Krim, Jack A. Caswell, Mathis Wingarten, Natalia Berdakina, Michael Cerelli, Samuel Mayer, Anthony Mazzo, Mark Failkov, Muhammed Zia, Jeremy Licht, Jim M. Ayach, Sarah Sontag, Rajiv Bazag, Sherman Breier, Ramin Farzman, Todd Haskell, Peter Makhlouf, Bryan Koster, Michael Karas, Jay Jaskolski, Plaintiffs,

v.

PRICELINE.COM, INC., Richard S. Braddock, Daniel H. Schulman, Jay S. Walker, Deloitte & Touche, N.J. Nichols, Defendants–Appellees.

Sharon Tasi, Chi–Ho Tasi, Chih–Jung Chen, Tu–Min Chen, Stephanie Tasi, Kevin Tsai, Tu–Jui Chen, John S. Anderson, Lance B. Orr, R. Warren Ross, Walker Digital LLC, Movants.

No. 08–0035–cv.

United States Court of Appeals, Second Circuit.

May 22, 2009.

Beth Kaswan, Scott & Scott, LLP, New York, N.Y. (David R. Scott, Geoffrey M. Johnson, Scott & Scott LLP, Dennis J. Johnson, Jacob B. Perkinson, Eben Duvall, Johnson & Perkinson, South Burlington, Vt., on the brief), for the Plaintiffs–Appellants.

William R. Maguire (David W. Wiltenburg, Kenneth M. Katz, on the brief), Hughes Hubbard & Reed LLP, New York, N.Y., for the Defendant–Appellee Deloitte & Touche LLP.

PRESENT: Hon. WALKER, Hon. DEBRA A. LIVINGSTON, Circuit Judges, Hon. LEWIS A. KAPLAN,* District Judge.

### SUMMARY ORDER

Plaintiffs–Appellants appeal from a judgment of the United States District Court for the District of Connecticut dismissing their allegations of securities fraud against Defendant–Appellee Deloitte & Touche ("Deloitte"), arising out of Deloitte's unqualified audit opinion for Priceline.com, Inc.'s fiscal year 1999 financial statement. We assume the parties' familiarity with the facts, procedural history, and issue on appeal.

We affirm for substantially the reasons stated by the district court. Assuming *arguendo* that the facts alleged by the Plaintiffs–Appellants (or sought to be alleged in the proposed amended complaint) are true, the inference of scienter by Deloitte is not "as compelling as [the] opposing inference of nonfraudulent intent." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 127 S.Ct. 2499, 2505, 168 L.Ed.2d 179 (2007). Plaintiffs–Appellants allege that Deloitte's national experts initially advised its line auditors that Priceline.com could not treat the value of the WebHouse warrant as revenue in 1999 because the warrant was consideration for a licensing agreement under which Priceline had future performance obligations to WebHouse. Deloitte's line auditors eventually rejected this advice, however, because they were under the impression, based on conversations with Priceline's senior vice president of finance and others, that the intent of Priceline and WebHouse was that the warrant would be a "sign-on bonus" unconnected to any future perform-

---

* The Honorable Lewis A. Kaplan, United States District Judge for the Southern District of New York, sitting by designation.

ance obligations. To avoid any ambiguity on the point, Deloitte's line auditors decided to seek clarification of the parties' intent and for that purpose obtained representations (which were finalized after the audit) from the parties stating that the warrant "was issued solely as an inducement for priceline to enter into a relationship with WebHouse" and "was not contingent upon ... the provision of any future service."

Even if we assume that Priceline's representations were incorrect or were contrary to earlier manifestations of Priceline's intent in resolutions adopted by the board of directors, Plaintiffs–Appellants have failed to plead facts that would raise a cogent inference that Deloitte's auditors *knew* that Priceline management was misleading them as to the true consideration for the warrant. The more natural inference from the facts alleged is that Deloitte's auditors acted professionally, based on information provided by its client, to ensure that the accounting treatment of the items was correct.

The plausibility of Plaintiffs–Appellants' allegations of scienter is further undercut by the fact that the accounting treatment of the warrant was discussed in detail in Priceline.com's 1999 financial statement. This discussion tends to negate any inference that Deloitte intended to mislead the investing public by falsifying the warrant's accounting treatment.

We have considered all of Plaintiffs–Appellants' remaining contentions in this appeal and find them to be without merit. For the foregoing reasons, the judgment of the district court dismissing the claims against Deloitte is AFFIRMED.